UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH ADAM BALZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-00734-AGF |
| | ) | |
| ST LOUIS COUNTY HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Keith Adam Balzer for leave to commence this action without payment of the required filing fee. At the time he submitted the application, Balzer was incarcerated at the St. Louis County Jail.[1] For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $16.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28

---

[1] Since submitting the instant application, plaintiff has been released from the St. Louis County Jail.

U.S.C. § 1915(b)(1). Applicant must pay the initial partial filing fee even though he has been released from the County Jail. *See Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1997).

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $81.67, and an average monthly account balance of $18.59. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.33, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

The gravamen of plaintiff's complaint is that he was denied a vegan or vegetarian diet while incarcerated at the St. Louis County Jail. He alleges that he told the doctor in the infirmary about his eating habits, and the doctor said that he could not provide the type of diet that plaintiff wanted. Plaintiff states that the doctor and nurses employed by defendant St. Louis County Health did not require the jail to furnish him with the requested vegetarian or vegan diet. Plaintiff seeks monetary damages.

**Discussion**

Prisons have an affirmative duty to provide their inmates with nutritionally adequate food. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (citing *Shrader v. White,* 761 F.2d 975, 986 (4th Cir.1985)). However, assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. *See Divers v. Department of Corr.,* 921 F.2d 191, 194 (8th Cir.1990). "[A]bsent religious or medical[ly] peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated, vegetarian or otherwise." *Maulding v. Peters,* 1995 WL 461914,*5 (N.D.Ill. 1995).

Plaintiff does not claim that the requested diet is needed for religious reasons or that it is medically necessary because of a specific health problem. Plaintiff states that he does not believe that the commissary food is "adequate for health" but admits that "it has been satisfactory."

Assuming, *arguendo*, that defendant is a suable entity and that it had the authority to order the jail to provide a special diet for plaintiff, defendant's refusal to require that plaintiff be provided with his preferred diet does not violate plaintiff's constitutional rights. *See Maulding,* 1995

WL 461914, at *5 (prisoner's "deliberate (non-religious) choice not to eat all the food presented to him does not implicate infringement of a constitutional right.") (citation omitted).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $16.33 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of August, 2005.

                                                  **UNITED STATES DISTRICT JUDGE**